Gerald L. ROLIN, Petitioner–Appellant,

v.

Wayne ESTELLE, Warden, Respondent–Appellee.

No. 99–17599.
D.C. No. CV–89–00146–OWW.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

California state prisoner Gerald Rolin appeals pro se the district court's denial of

his 28 U.S.C. § 2254 petition challenging his 1985 convictions for second degree murder and felony hit-and-run. We have jurisdiction pursuant to 28 U.S.C. § 2253 (1994). We review the district court's denial de novo, *see Snook v. Wood,* 89 F.3d 605, 609 (9th Cir.1996), and we affirm.

Rolin raises several contentions regarding the ineffectiveness of his appellate counsel, which we review under the standard set out in *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Miller v. Keeney,* 882 F.2d 1428, 1433–34 (9th Cir.1989).

Rolin initially argues that appellate counsel was ineffective by failing to raise an insufficiency of the evidence claim on direct appeal. Because there was ample evidence to support the jury's verdict of second degree murder, Rolin has failed to demonstrate a reasonable probability that, but for counsel's error, he would have prevailed on appeal. *See id.; see also Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (outlining the standard for reviewing sufficiency claims).

Rolin further contends appellate counsel was ineffective for not raising the issue of the prosecutor's improper jury argument on "heat of passion," which improperly shifted the burden of proof to him. Because trial counsel failed to object to the argument at trial, the state appellate court would have reviewed this issue only for a miscarriage of justice. *See People v. Bell,* 49 Cal.3d 502, 262 Cal.Rptr. 1, 778 P.2d 129, 147 (Cal.1989) (in bank). Under that standard, Rolin has failed to demonstrate that, had counsel raised this issue, there was a reasonable probability he would have prevailed on appeal. *See Miller,* 882 F.2d at 1434.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Rolin next contends that appellate counsel was ineffective by failing to raise the issue of the trial court's refusal to give his proffered instruction on reasonable doubt.[1] We reject Rolin's contention because he has failed to show a reasonable probability that this claim would have been successful had counsel raised it on appeal. *See id.; cf. Brigham v. State*, 25 Cal.3d 283, 157 Cal.Rptr. 905, 599 P.2d 100, 104–05 (Cal. 1979) (indicating that instructions on reasonable doubt that deviate from California's standard instruction are often erroneous).

Rolin also contends that appellate counsel rendered ineffective assistance by failing to raise as an issue the trial court's failure to give a sua sponte instruction on accident and misfortune under CALJIC 5.00. Because the facts concerning the incident here do not show that either Rolin committed a lawful act by lawful means or that he acted with care and caution when he rammed into the victim's car at least five times, he could not demonstrate that he satisfied the requirements of CALJIC 5.00. *See People v. Mayfield*, 14 Cal.4th 668, 60 Cal.Rptr.2d 1, 928 P.2d 485, 552 (Cal.1997) (defining the statute). We conclude that this issue did not have a reasonable probability of succeeding on appeal, and, thus, Rolin has not demonstrated ineffective assistance from appellate counsel's failure to raise it. *See Miller*, 882 F.2d at 1435.

Finally, Rolin contends that appellate counsel was ineffective by failing to challenge the trial court's felony hit-and-run instruction on appeal as creating a presumption that he knew the victim had died.

The felony hit-and-run instruction required that the defendant be "knowingly involved in an accident resulting in death or injury to any person." *See* CALJIC 12.70.[2] The instruction does not create a presumption concerning a defendant's knowledge, and the jury was properly instructed that it had to find such knowledge in order to convict Rolin. Because the trial court's instructions were correct, Rolin has failed to demonstrate a reasonable probability that, had counsel raised this issue, he would have prevailed on appeal. *See Miller*, 882 F.2d at 1434.

AFFIRMED.

---

1. The proffered instruction stated: "In a criminal case, the defendant is entitled to the benefit of every reasonable doubt, whether it arises out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute."

2. "Knowingly" is defined as "the driver of the vehicle knew that an accident had occurred, knew that he was involved in the accident and either knew that the accident resulted in injury to or death of a person or knew that it was probable that it resulted in injury or death." CALJIC 12.70.